SOPHIA FABRICE *et al.*

*v.*

DOROTHEA VON DER BRELIE.

*Opinion filed June 19, 1901.*

1. APPEALS AND ERRORS—*error in chancellor's finding of fact must be palpable to authorize reversal.* Error must be clear and palpable to authorize the reversal of a finding of fact by the chancellor, where the testimony is heard in open court and is conflicting.

2. EQUITY—*when equity will set aside deed and re-invest grantor with title.* A court of equity will grant relief by setting aside a deed and re-investing the grantor with title, where the conveyance was upon consideration that the grantees should support and maintain the grantor during her lifetime, but the grantees, after receiving the deed, refuse to furnish such support and maintenance.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

KING & GROSS, (ALFRED E. CASE, of counsel;) for appellants.

FRED H. ATWOOD, FRANK B. PEASE, and CHARLES O. LOUCKS, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a bill in chancery filed by complainant, Dorothea Von der Brelie, in the circuit court of Cook county, to set aside a certain deed from her to the defendants, George and Sophia Fabrice, bearing date March 25, 1898, to the

south-west quarter of lot 166, in Butterfield's addition to the city of Chicago. The case was tried upon bill, answer and replication, certain documentary evidence and the testimony of witnesses heard in open court, and a decree was entered setting aside said deed, subject to a trust deed bearing date March 6, 1900, executed by George and Sophia Fabrice to J. W. Sutton, to secure the payment of their promissory note of even date with said trust deed, for the sum of $2500, payable to the order of August C. Gebhardt, also subject to the amount which, upon an accounting, is found to be due George and Sophia Fabrice for the improvement of the premises. The defendants, George and Sophia Fabrice, have prosecuted an appeal to this court.

The premises in question have been the home of the complainant since about the year 1871, the title thereto having been in her husband up to a short time prior to his death, which occurred some twelve years before the filing of the bill herein, when he conveyed the title thereto to the complainant. Prior to 1895 the premises were improved with a flat-building and frame dwelling house, known as Nos. 10 and 12 Town street, and a small cottage located upon the rear of said lot. The complainant resided in one of the flats and the remainder of the buildings was occupied by tenants. The defendant Sophia, the daughter of the complainant, and her husband, George Fabrice, and their family, made their home with the complainant. In the year 1895 George and Sophia Fabrice purchased of the Northwestern Elevated Railroad Company two frame buildings which it was removing from its right of way, and with the consent of the complainant moved them upon said premises in the rear of the buildings located upon Town street, fitted them up and rented them to persons who resided therein. The complainant is a German who does not understand, speak, read or write the English language, and at the time the deed in question was executed was seventy-one years of

age. Said premises were at that time the only property she owned. She has four children—August, Emma, Henry and Sophia. Henry had received $600 to assist him in starting in business, which was deemed by his mother his share in her estate. As Sophia had always resided at home and assisted in the care of the complainant, who had been afflicted with a disease for many years, it seems to have been the fixed intention of the complainant that upon her death Sophia should have the real estate, subject to the payment of $800 to each of her children August and Emma. Shortly after the marriage of Sophia to Fabrice, in order to carry out such intention, the complainant made a will, in which she devised the real estate to Sophia and provided for the payment to August and Emma each the sum of $800 and to Henry the sum of $5. This will remained in existence down to the time of the execution of the deed to George and Sophia Fabrice, when it was destroyed. The real estate is shown by the evidence to be worth from $6000 to $8000.

The complainant testifies that prior to the time of the making of the deed to George and Sophia Fabrice she had been told by her daughter and son-in-law that her title to the premises was defective and that she was likely to lose the same. Just what the claimed defect was does not clearly appear from the evidence. With a view to remedy such defect and arrange the property so there would be no trouble after her death between her children, the complainant testifies she, in company with her daughter and son-in-law, went to a law office in the city of Chicago and while there she signed a paper, the name of which she did not know, but which she was informed was made for the purpose of perfecting her title and arranging her property so there would be no trouble between her children after her death, and that she had no intention of conveying her real estate to her daughter and son-in-law thereby, but intended to retain and control the same so long as she should live. It appears that

at that time there was an encumbrance of $1200, in the form of a trust deed, on the real estate, which had been placed there by the complainant. She testifies that a short time before the commencement of this suit for the first time she learned that the paper executed by her on the occasion of her going to said law office was a deed of all her real estate to George and Sophia Fabrice. It appears that on March 25, 1898, while at said law office, the complainant executed a deed for the express consideration of $3000, conveying all her real estate to George and Sophia Fabrice, and that simultaneously therewith George and Sophia Fabrice executed their two certain promissory notes, each for the sum of $800, payable to the order of themselves, and endorsed, and secured by a trust deed to John Stelk upon said real estate; that the deed from complainant to George and Sophia Fabrice and the trust deed from George and Sophia Fabrice to Stelk were recorded, and that the promissory notes were deposited with the attorney in whose office they were prepared, together with a will, which was prepared under his direction and executed by her, directing him to hold the notes and deliver the same to her son August and daughter Emma upon her death. After the execution of the deed the complainant remained in the possession of the real estate and rented and collected the rents therefrom as she had theretofore.

The title remained in this condition until March 6, 1900, when, the complainant testifies, she was again requested by her son-in-law to go to said lawyer's office, as it was necessary for her to look after her children's money; that she accompanied her son-in-law and daughter to said law office, where she was again requested to, and did, sign papers. It appears from the evidence that on that day the $2500 trust deed was executed by George and Sophia Fabrice to J. W. Sutton, and the two $800 notes were each marked "paid" and signed by the complainant, and the trust deed securing the payment there-

of was released and the will disposing of the same was destroyed. The $1200 trust deed was also paid and released of record. From that time the title to said real estate was in George and Sophia Fabrice, subject only to the $2500 trust deed, the proceeds of which were used to pay said $1200 trust deed and certain indebtedness which had been contracted by George Fabrice in the purchase of the houses from the railroad company, moving the same upon said real estate and putting them in shape to be occupied. The complainant continued to live in said flat as before and collected the rent of her buildings for some time thereafter, when George Fabrice, claiming to be the owner of said premises, notified the tenants of the complainant not to pay to the complainant any more rent and demanded that they pay the same to him. Shortly after the execution of the $2500 trust deed, the complainant testifies, George and Sophia Fabrice commenced to abuse and mistreat her, calling her vile and opprobrious names, threatening to have her imprisoned or sent to the poor-house, and at times threatening her with violence, and that by reason of such mistreatment she left the flat in which she was living and moved into and now occupies another one of the flats situated upon said premises.

In the answer filed by the defendants, George and Sophia Fabrice, it is admitted that the deed conveying to them said real estate was executed by the complainant at or about the time she first accompanied them to said law office, and it is alleged that they purchased said real estate of the complainant, and that the same was to be paid for as follows: they to assume the trust deed thereon for $1200, to pay to the complainant in cash $200 and take care of and provide for her so long as she should live, and upon her death pay to August and Emma Von der Brelie each the sum of $800.

The chancellor before whom the case was tried found that the complainant, at the time of the execution of the

deed, did not understand the nature of said instrument, and did not intend, by its execution, to convey the real estate to the defendants, and that the execution of said deed was fraudulently obtained; that George and Sophia Fabrice had not paid the complainant anything for said land; that they had failed to provide for her, as by their answer they admit they had agreed to do; that said deed was without consideration, and that it was inequitable that they should retain the real estate, and set aside and canceled said deed and re-invested the complainant with the title to her real estate.

It is contended that the evidence does not warrant the finding of the circuit court and does not sustain the decree rendered. The evidence was heard by the chancellor in open court and was conflicting in many particulars. In such case, to authorize us to reverse as to a finding of fact the error must be clear and palpable. (*Coari* v. *Olsen*, 91 Ill. 273; *Johnson* v. *Johnson*, 125 id. 510; *Rackley* v. *Rackley*, 151 id. 332; *Brown* v. *Stewart*, 159 id. 212; *Elmstedt* v. *Nicholson*, 186 id. 580.) We find no such error in this record. The facts, as found by the court, appear to us to be sustained by the weight of all the testimony. The complainant is of advanced age, was ignorant of the ways of doing business at the time said deed was executed, and the real estate thereby conveyed constituted her entire estate. While it is apparent from the evidence she intended her daughter, Sophia Fabrice, should have the real estate conveyed by the deed, upon her death, subject to the payment of certain sums to her other children, we are satisfied she did not intend to surrender the control of her property to her daughter during her lifetime, and think the evidence shows she was misled and overreached at the time the deed was made. It is admitted that nothing has been paid to the complainant for such conveyance, and it is apparent from the evidence that the complainant and said defendants cannot longer live together as one family, and that

190—30

the daughter and her husband have substantially abandoned the complainant since they supposed they had obtained control of her property. The offer to take care of the complainant and to give security for the performance of such obligation, made upon the trial, came too late.

The law is well settled in this State that where one conveys his real estate to another person in consideration that such person will support and maintain him during his natural life, and after receiving such conveyance the grantee refuses to perform his part of the contract by furnishing such support and maintenance, a court of equity will grant relief by setting aside such deed of conveyance and re-investing the grantor with the title to the real estate. *Frazier* v. *Miller,* 16 Ill. 48; *Kusch* v. *Kusch,* 143 id. 353; *McClelland* v. *McClelland,* 176 id. 83; *Oard* v. *Oard,* 59 id. 46; *Cooper* v. *Gum,* 152 id. 471.

It is further contended that the court erred in the basis upon which it decreed an account should be stated between the parties. We think not. It was stipulated upon the trial, between the parties, that the buildings placed upon the premises by George Fabrice could not be removed without being torn down and practically destroyed. They were placed upon the premises at a time when the defendants claimed no interest therein. The defendants put only a small amount of their own money into said buildings, and thereafter wrongfully encumbered the complainant's real estate in order to raise the money with which to pay the balance due therefor, which encumbrance is now a burden thereon. If they receive back all that they put into the improvements, with interest thereon, less what they have received in the way of rents and less the $1300 used by them belonging to the complainant, they are made whole, and that is all that equity requires in a case like this.

The decree of the circuit court will be affirmed.

*Decree affirmed.*