SARAH ANN CUMBY, Appellee, *vs.* MOSES CUMBY *et al.* Appellants.

*Opinion filed April 23, 1909—Rehearing denied June 11, 1909.*

DEEDS—*when deed made in consideration of support will be set aside.* A deed made in consideration of the support of the grantor by the grantee for life and the payment to her of one-half the proceeds of the farm will be set aside in equity at the suit of the grantor, where it appears the grantee not only failed to account for the proceeds of the farm, but that, by means of loans and otherwise, he acquired the grantor's money and household goods, leaving her destitute.

APPEAL from the Circuit Court of Scott county; the Hon. OWEN P. THOMPSON, Judge, presiding.

J. M. RIGGS, and J. A. WARREN, for appellants.

T. J. & J. O. PRIEST, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in equity filed by the appellee, against the appellants, in the circuit court of Scott county, to set aside a deed bearing date September 8, 1904, executed by the appellee to Moses Cumby and James Cumby, whereby appellee conveyed to said Moses Cumby and James Cumby, subject to a life estate reserved to herself, a tract of about sixty-two acres of land located in said Scott county; also to set aside and cancel a contract in writing between the same parties, of the same date, whereby said Moses Cumby and James Cumby agreed, for and in consideration of said conveyance, to farm said premises and care for the appellee during her natural life, and to pay to her one-half of the proceeds of said farm; and for an accounting. An answer and replication were filed, and the cause was referred to the master to take the evidence. The master filed a report, and the court entered a decree settling the rights of the parties and setting aside said deed and contract, and the defendants have prosecuted an appeal to this court.

It appears from the evidence that Eustace Cumby, the husband of the appellee, died in 1897, seized of the land in question; that he devised the same to the appellee, subject to the payment of a legacy of $500, upon certain conditions, to the appellant Moses Cumby; that Eustace Cumby died childless; that Moses Cumby was a half-brother of said Eustace Cumby and James Cumby was an adopted son of Moses Cumby; that the appellee, at the time of the execution of said deed and contract, was upwards of seventy years of age and was affected with a cancer; that there were two houses upon said land, and the appellee lived alone in one of said houses and depended to a large extent upon said Moses Cumby and James Cumby to assist her in carrying on the portion of said farm which was not rented to

other parties and in caring for a few cows and hogs which she kept on said farm; that about the time said deed and contract were made she had had trouble with a tenant who resided upon and farmed a portion of said land, and she arranged with Moses Cumby and family to move upon said farm and carry on said farm and care for her, in pursuance of which arrangement the said deed and contract were executed. The deed reserved a life estate to appellee, and then conveyed a life estate therein to Moses Cumby and the fee to James Cumby. Moses Cumby moved into the large dwelling house on the farm and the appellee moved into the small house. Some time after Moses Cumby moved onto the farm the appellee became dissatisfied with the attention she received and Moses Cumby moved off of the farm, and this bill was filed.

The evidence is very conflicting. We think, however, it clearly appears therefrom that the deed was without consideration other than the agreement of Moses Cumby and James Cumby contained in said contract, and that during the three years Moses Cumby lived upon said land he not only received the greater portion of what said land produced, but he and James Cumby, in the shape of loans or otherwise, obtained from the appellee the possession of all the money which she had, and her household goods, leaving the appellee destitute, and that Moses Cumby failed to account to her for the rent of the land during the time he farmed the same. In *Fabrice* v. *Von der Brelie,* 190 Ill. 460, on page 466, it is said: "Where one conveys his real estate to another person in consideration that such person will support and maintain him during his natural life, and after receiving such conveyance the grantee refuses to perform his part of the contract by furnishing such support and maintenance, a court of equity will grant relief by setting aside such deed of conveyance and re-investing the grantor with the title to the real estate."

An account of the rents and profits does not appear to have been stated. The relief of this portion of the prayer of the bill may hereafter be granted on a further reference.

We are of the opinion that the decree entered in this case does justice between the parties and that it should be affirmed, which is done accordingly.

*Decree affirmed.*