EVA DOMERACKI, Defendant in Error, vs. THEODORE JANI-
KOWSKI et al. Plaintiffs in Error.

*Opinion filed October 26, 1912.*

1. DEEDS—*when want of mental capacity by grantor is not ma-
terial.* Whether the grantor had sufficient mental capacity at the
time of the excution of a deed is not a material inquiry in a pro-
ceeding to set the deed aside, where the grantor concedes by her
bill that after her mental powers were restored she was informed
of the deed and acquiesced therein.

2. SAME—*when equity has jurisdiction to set aside a deed.* A
court of equity has jurisdiction to set aside a deed at the suit of
the grantor where the consideration therefor was an agreement by
the grantee to support and maintain the grantor and her husband
during their lives, and the grantee, after receiving the conveyance,
has refused to perform the agreement.

3. STATUTE OF FRAUDS—*statute must be pleaded to be available
as a defense.* Defendants to a bill to set aside a deed upon the
ground that they have failed to keep their agreement to support
the grantor, cannot urge the defense that the agreement was not
in writing and signed by them, where they have not pleaded the
Statute of Frauds.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. JESSE A. BALDWIN, Judge, presiding.

B. M. SHAFFNER, for plaintiffs in error.

DAVID & ZILLMAN, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the
court:

The defendant in error obtained a decree setting aside
a deed executed to her daughter, and the defendants sued
out a writ of error. The daughter, Rozalia Janikowski,
died during the pendency of the suit in the circuit court,
and the plaintiffs in error are her husband and four chil-
dren. The grounds on which the validity of the deed was
attacked were, first, that it was never knowingly executed
by the complainant, who was at the time of its execution

mentally incapable of making the conveyance; and second, if it should turn out that the execution of the deed was legally binding upon her, that the consideration of the deed was a contract on the part of the grantee to support the complainant and her husband, which was fraudulently entered into without the intention of performance by the grantee, and which she did not, in fact, perform. On the other hand, the plaintiffs in error deny that the complainant was of unsound mind and aver that the deed was voluntarily executed for the consideration of love and affection; that the alleged agreement for the support of the grantor and her husband was never entered into; that there was no consideration for it, and that the grantee and her husband have fully performed it.

Since the parties have to some extent shifted their respective positions in the controversy, a statement of the pleadings at some length will aid in understanding the case.

The original bill was filed on October 30, 1908, and avers that the complainant, on February 28, 1902, being the owner of the property in controversy, subject to a mortgage for $2500 to Moses E. Greenebaum, and being confined to her bed with disease, was induced to set her mark to a warranty deed of such property to her daughter, Rozalia Janikowski; that she knows of this transaction only from hearsay, having been at that time, on account of her diseased condition of body and mind, incapable of transacting business or understanding the act of conveying real estate, but that she is informed that such a warranty deed is on record, purporting to be signed, executed and acknowledged by her and her husband; that three months after the date of the deed she partially recovered from her sickness and mental derangement and was informed by some of the tenants that her daughter had notified them to pay the rent to the daughter, and a few days afterward her daughter informed her that the daughter would collect the rents, take care of the property and support the complain-

ant and her husband during their lives; that soon after the
date of the deed her daughter's husband gave to the com-
plainant's husband a written instrument, saying that it was
an agreement by which the daughter bound herself to sup-
port the complainant and her husband during their lives,
which instrument bears the same date as the deed, is set
out in words and figures, and, after reciting the convey-
ance of the premises by the complainant to Rozalia Jani-
kowski, further recites that in consideration of such con-
veyance the latter agrees to furnish the complainant and
her husband living rooms in the premises and necessary
clothing, food and fuel during their natural lives; that
such agreement was not signed and that necessary cloth-
ing, food and fuel have not been furnished to complainant
and her husband, though the grantee in the deed and her
husband have been in receipt of the rents from the prem-
ises without accounting to the complainant.

Rozalia Janikowski and her husband, Theodore Jani-
kowski, were made defendants to the bill and answered it,
denying that the complainant was of unsound mind at the
time of the execution of the deed and averring that she
fully understood the nature of the conveyance, which was
voluntarily executed by the complainant and her husband
as mentioned in the agreement and for the further consid-
eration of love and affection. The answer states that soon
after the conveyance the defendants notified the tenants
to pay the rent to Rozalia Janikowski, and that they have
since collected the rents, taken care of the premises and
supported the complainant and her husband according to
the agreement; that the deed was executed for the con-
sideration set out in said agreement, which had been fully
agreed to long prior to its date, and that since February
28, 1902, the defendants have performed their agreement;
that on September 5, 1907, the complainant filed her bill
in the circuit court of Cook county to have said deed set
aside; that the defendants appeared and answered, and

255 — 37

that on April 10, 1908, the cause was heard and the bill dismissed for want of equity.

A supplemental bill filed on October 20, 1909, alleges the death of Rozalia Janikowski on April 21, 1909, and makes her heirs and administrator defendants.

The cause was heard at the October term, 1910, of the circuit court, and during the hearing the complainant amended her bill by adding the averment that having learned, after her recovery, of the existence of the deed, she was informed by Rozalia Janikowski that the latter would take care of the complainant and her husband for their lives and furnish them with proper care, maintenance, clothing, food and support; that relying upon such representations the complainant permitted her daughter to collect the rents and allowed the deed to stand, though her daughter and the latter's husband never intended to carry out their agreement but made it to induce the complainant not to commence an action for the recovery of the property or the setting aside of the deed. The defendants then amended their answer so far as the consideration of the conveyance was concerned, alleging that the deed was executed as a voluntary act, for the consideration of love and affection; that the agreement was never executed but was prepared three months after the execution and delivery of the deed, and there was no consideration for it.

On the hearing, the bill of September 5, 1907, referred to in the defendants' original answer, was given in evidence. It charged that the deed was procured at the solicitation of the defendants, as the result of a conspiracy to cheat the complainant out of her property, the consideration being an agreement to furnish the complainants living rooms, clothing, food and fuel during their lives, which agreement the defendants failed to keep. The answer was also read, which states that the consideration for the deed was an agreement entered into by the complainant and her husband and Rozalia Janikowski in certain words and fig-

ures, which is set out in the answer and is a copy of the agreement set out in the bill in this case; that the agreement was not signed but was fully entered into and was performed by the defendants and was the consideration for the deed. The record does not show what disposition was made of this case.

The court found that the agreement was the consideration for the deed and that the defendants failed to comply with the contract. It is not material to inquire whether the complainant, at the time of the execution of the deed, had mental capacity sufficient to understand what she was doing. She concedes by her bill that after recovering her mental power, upon being informed of the execution of the deed, she acquiesced in it. She bases her claim for relief on the ground that the consideration of the deed was the support and maintenance of herself and her husband during their lives and the refusal of the grantee, after receiving the conveyance, to perform her part of the contract by furnishing such support. In such case a court of equity will grant relief by setting aside the conveyance. (*Fabrice v. Von der Brelie,* 190 Ill. 460.) It is argued that the evidence does not show that the consideration of the conveyance was an agreement for the support of the grantor and her husband or that any such agreement was made. The evidence does not leave this question in doubt. In the former suit the consideration was alleged to be such an agreement, and the answer of the defendants contained a copy of the unsigned agreement set out in the bill in this case and insisted that it contained the terms of the agreement in consideration of which the conveyance was made. The answer in this case alleged and relied upon the same agreement, stating that the deed was executed for the consideration mentioned in the agreement, which had been fully agreed to long prior to its date. The defendants alleged that they had fully performed the agreement on their part, and they relied for their defense entirely on their

performance of the contract and not on the fact that there was no contract. It was not until after the death of Rozalia Janikowski rendered the complainant and her husband incompetent to testify, that the answer was amended to allege that the consideration was not the agreement but love and affection. Mrs. Domeracki was sixty-six years old at the date of the deed. She had no other property. She had two daughters besides Mrs. Janikowski, a son, and a grandchild, who was the daughter of a deceased daughter. She lived in the premises. Her husband was as old as she was and his earnings were very little. No rational purpose in making the deed is shown if it was not in consideration of the agreement. The plaintiffs in error insist that the agreement, not having been in writing and signed by the parties, is within the Statute of Frauds. The statute, if it was a defense, was not pleaded, and can not, therefore, be availed of.

As to the performance of the agreement the evidence was conflicting. It appeared that the complainant and her husband received aid from the county and from private charity, and that on July 10, 1908, an order was entered by the county court requiring Mrs. Janikowski to pay $3.50 a week for their support. The witnesses were heard in open court, and in our judgment the finding of the court that Rozalia Janikowski and her husband, from about March 1, 1908, failed to furnish necessary food, fuel or clothing to the complainant and her husband, and that the latter were largely dependent for daily support on public charities and help from strangers and friends, is in accordance with the evidence.

Rozalia Janikowski having died, the complainant and her husband were not competent witnesses, and it is insisted that the court erred in permitting them to testify generally in the case. Objection was made to each when offered as a witness, for incompetency, and was overruled. They were competent to testify to certain transactions

which had been testified about by Theodore Janikowski. No testimony given by them which was not of this character and was objected to has been indicated by the plaintiffs in error in their brief.

Upon setting aside the deed the court referred the cause to a master for an accounting from March 1, 1908, to December 8, 1910, the date of the decree, and upon the coming in of his report overruled the objections of the plaintiffs in error to it and entered a decree, in accordance with its recommendation, for $43.48 against Theodore Janikowski. He was charged with the rents received by him after March 1, 1908, and credited with taxes, water rents and interest on the mortgage paid by him, together with $500 paid on the principal debt. He claims that he should have been allowed for repairs made before March 1, 1908, but. as he and his wife were in receipt of the rents before that time for which they were not required to account, and there was no offer to show that the income was not greater than the expenses, he could not have been injured by this ruling. As to repairs since March 1, 1908, no itemized account was shown by the plaintiffs in error, but their claim consists of general testimony of Theodore Janikowski as to the value of repairs and his services, estimated in a lump sum, averaging them sometimes by the year. There is testimony of tenants and other witnesses as to the condition of the premises and the work of Janikowski which conflicts with his statements, and the whole evidence was not such as to show that he was entitled to any credit for repairs.

The mortgage was renewed in their own names by Rozalia and Theodore Janikowski for $2000, and it is objected that no indemnifying provision is made in the decree against their personal liability on the note. The amount of the note does not exceed forty per cent of the value of the property on which it is the first lien, and the plaintiffs in error are therefore sufficiently indemnified.

*Decree affirmed.*