(No. 11096.)

ELIZABETH O'FERRALL, Appellee, vs. R. L. O'FERRALL, et al. Appellants.

Opinion filed December 21, 1916.

1. EQUITY—equity may infer fraudulent intent in case of failure to perform contract to support the grantor in consideration of conveyance. Where there is a failure to perform a contract to support an aged person in consideration of a conveyance of land a court of equity may infer a fraudulent intent in the first instance or a determination to abandon the contract, and in either case it will declare a rescission of the contract and a conveyance in order to prevent the manifest wrong resulting from such failure.

2. SAME—where reasonable support is contracted for in consideration of a conveyance a partial support will not suffice. Where a conveyance is made by a grantor to secure to herself a reasonable support and maintenance, nothing will amount to a performance of the contract on the part of the grantee except to furnish such support and maintenance, and partial support is not sufficient.

3. SAME—relief in case grantee fails to support grantor does not rest on breach of condition subsequent. Where a conveyance is made to secure support of the grantor the promise to furnish such support cannot be classed as a condition subsequent, and in case of failure to perform by the grantee, the relief granted by declaring a rescission of the contract and ordering a re-conveyance does not rest on the breach of a condition subsequent.

4. SAME—when grantee in conveyance in consideration of support should be reimbursed for payment of liability of the grantor. Where a grantor makes a conveyance of all her property in consideration of a promise to support and a court of equity orders a re-conveyance because of the grantee's failure to perform the promise, the grantee is entitled to be reimbursed for his payment of an unquestioned liability of the grantor, although there is no evidence whether or not the grantor directed the payment.

APPEAL from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding.

WALTER T. GUNN, (LINDLEY, PENWELL & LINDLEY, of counsel,) for appellants.

SWALLOW & BOOKWALTER, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

On March 14, 1911, the appellants, R. L. O'Ferrall and Nellie O'Ferrall Hulce, entered into a written contract with their aged and recently widowed mother, the appellee, Elizabeth O'Ferrall, by which it was agreed that the appellee should convey to the appellants a farm of 205 acres in Vermilion county and real estate in Danville in that county, and the appellants agreed to maintain and support the appellee in a suitable manner for the remaining period of her natural life out of the revenues derived from the real estate or the sale of any part of it. The appellant R. L. O'Ferrall was to manage the properties and provide for the appellee and at her death the residue was to be divided equally between the appellants or their heirs. On July 15, 1911, in pursuance of the contract, the appellee conveyed the real estate, and afterward, in the same month, the appellants made a contract with each other, to which the appellee was not a party, by which the entire control of the real estate was given to the appellant R. L. O'Ferrall, and it was agreed that he should pay any indebtedness owed by his father or the appellee and any sum or sums so paid should be deducted from the moneys received from the income and sales of the real estate, and that he was not to be required to make any accounting of collections or payments until the death of the appellee. On September 25, 1914, the appellee filed her bill in the circuit court of Vermilion county, alleging that the properties conveyed were of the reasonable value of $50,000 and the reasonable rental value was $2000 a year, and charging that the appellants had failed to support her as agreed in the contract and had refused to do so. She prayed for a re-conveyance and that the appellant R. L. O'Ferrall should be required to account for the income of the property. The defendant Nellie O'Ferrall Hulce answered admitting the allegations of the bill, and

expressed her willingness that all the income from the properties, and, if necessary, moneys derived from the sale thereof, should be used to support and maintain the complainant. The defendant R. L. O'Ferrall answered admitting the contract and that he had managed and rented the properties but denying that they were worth more than $40,000 or that the net rent exceeded $1100 per year, denying that he had refused to support and maintain the complainant, and alleging that he had improved the property, mortgaged his undivided one-half interest in the farm and spent considerable money in improvements and removing brush and brambles therefrom, and that he had spent more than the income of the property in such improvements and the support of the complainant. The mortgagee was not a party to the suit. The cause was referred to a special master, who reported the evidence and stated the income and expenditures, and that the defendant R. L. O'Ferrall had paid for the care and support of the complainant $1800 less than the income and that there was over $800 in unpaid bills for necessaries for the complainant. He reported that the defendants had violated their contract and recommended that the complainant should be re-invested with the title. The chancellor overruled exceptions to the report and entered a decree from which this appeal was taken, and the appellee has assigned cross-errors on the record.

The complainant was past seventy years of age when the contract was made. Her eyesight was greatly impaired and she was afflicted with the usual infirmities of old age so that she was unable to care for herself or for her home, and she executed the contract and subsequent deed of all her property for the purpose of securing to herself a comfortable maintenance and support for the remainder of her life. Her husband had died a few days before the contract was made, and after the conveyance the complainant had no income and no means of support except such as was secured by the contract. The property was reasonably worth

$40,000 and the reasonable rental value was about $1500 a year. The defendant R. L. O'Ferrall collected all the rents and income and controlled the property. He had gone into the cattle business with a tenant on the farm and had expended money for cattle sheds connected with that enterprise and had expended about $1600 in improving the farm, but, aside from $141 spent for tile, the evidence did not show whether the expenditures were justifiable for the purpose of increasing the income or whether they were for the benefit of the fee. He had paid to his co-defendant $2400 in payment of a note made by the complainant to Nellie O'Ferrall Hulce, and there was no evidence whether he was authorized by the complainant to pay her debt. He had removed from the complainant's home, and the complainant had ordered groceries, fuel and other supplies which were necessary for her comfort, and he had declined to pay the bills on the ground that he did not have the money with which to pay them. Bills for milk, meat and other necessaries, and for work at the complainant's home, amounting to over $800, were unpaid, and he permitted the complainant to be sued for a meat bill of $40, for which judgment was recovered but which was not paid. There was no direct evidence of any actual fraudulent intent on the part of the defendants when the contract was entered into or the conveyance made.

By the decree the defendant R. L. O'Ferrall was charged with $1800, the excess of revenue above expenditures for the care and support of the complainant, and he was credited with $2400 for the note paid to his co-defendant, $141 for tile and $940.24 for taxes paid, and he was given a lien on the premises for the balance, $1681.24. He was given a right to remove the cattle sheds built for his private enterprise in the cattle business.

The fact that the defendants did not furnish the complainant with proper support and maintenance and did not fulfill their contract is not denied, but it is contended that

the decree for a re-conveyance was wrong because no fraud-
ulent intent in making the contract was proved by the evi-
dence, the failure to perform it was partial, only, and the
acts complained of amounted merely to a breach of a cove-
nant rather than of a condition subsequent which would
authorize the cancellation of the deed.   It was not neces-
sary for the complainant to give evidence of what was in
the minds of the defendants when the contract was made
in order to obtain the relief prayed for, but such an intent
might properly be inferred from a subsequent disregard of
the obligation.   Where there is a failure to perform such a
contract as the one in question, a court of equity may infer
a fraudulent intent in the first instance or a determination
to abandon the contract, and in either case will declare a
rescission of the contract and conveyance in order to pre-
vent the manifest wrong resulting from a failure and re-
fusal to furnish the support and maintenance for which the
grantee has received a consideration.   (*Frazier* v. *Miller,*
16 Ill. 48; *Oard* v. *Oard,* 59 id. 46; *Kusch* v. *Kusch,* 143
id. 353; *Fabrice* v. *Von der Brelie,* 190 id. 460; *Berry* v.
*Heiser,* 271 id. 264.)   The conveyance was made by the
complainant to secure to herself a reasonable support and
maintenance and not a partial support, and nothing would
be a performance of the contract on the part of the defend-
ants except to furnish such support and maintenance.   It is
true that the promise could not be classed as a condition
subsequent, but the relief granted in such cases does not rest
on the breach of such a condition and the cases relied upon
will not sustain the argument.   In *Gallaher* v. *Herbert,* 117
Ill. 160, a father conveyed a tract of land to his son in con-
sideration of the payment of $200 annually during the life-
time of the grantor, and as the grantor had contracted for
nothing but the payment of the money it was held that the
conveyance was not upon a condition subsequent but only
to secure the payment of the annuity and the father was

only entitled to have a lien declared for such payment. In *Stebbins* v. *Petty,* 209 Ill. 291, the grantee had fully performed the contract up to her death, so that no inference could have arisen that the agreement was entered·into with fraudulent intent or had been abandoned, and at her death she left minor children, aged, respectively, three and six years, with no legal guardian. No lien was reserved to secure the performance of the agreement and there had been no legal proceedings providing for the enforcement of the contract against the property conveyed, so that the decision does not apply to this case. In *O'Neil* v. *Caples,* 257 Ill. 528, there was no claim made that the necessaries of life and all the living expenses of the appellee had not been furnished or that there had been any default in failing to provide the comforts and necessaries of life. The court did not err in requiring the re-conveyance.

The cross-errors assigned relate to the account stated by the court. The defendant R. L. O'Ferrall offered in evidence before the master a large number of checks and other exhibits, but aside from the items allowed by the chancellor the payments were not sufficiently identified or connected with the contract to form the basis of an account. There was definite evidence of the payment of the $2400 note of the complainant but no evidence whether or not she directed the payment. The defendants had all her property and the debt was an unquestioned liability. It is only fair that the debt should be paid out of the property and R. L. O'Ferrall be reimbursed for the payment when the complainant asked for a re-conveyance. We conclude that the decree ought not to be reversed on the cross-errors.

The decree is affirmed.                    *Decree affirmed.*