(No. 26949.—

TRUMAN CORZINE *et al.*, Appellees, *vs.* CHARLES T. KEITH, Appellant.

*Opinion filed November 19, 1943.*

436

PAUL D. REESE, for appellant.

W. D. LYERLE, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

By this appeal appellant, Charles T. Keith, seeks to reverse a decree of the circuit court of Union county, entered on his counterclaim to cancel a deed executed by him, to appellees, Truman Corzine and Mary Corzine, in which conveyance appellant reserved a life estate. Appellees first filed an action against appellant, in which they alleged in their second amended complaint that the consideration for certain work done on the premises, described in the complaint and herein involved, had wholly failed by appellant's interference with their use and enjoyment of the premises as agreed to, and they prayed an accounting for labor and for money paid out by them on account of taxes, insurance, repairs and improvements on the premises involved. The prayer of the complaint also was that appellant be ordered to pay appellees the amount found due and that upon such payment appellees be directed to execute and deliver to appellant a deed to said premises, and that upon his failure to pay said sums so found due he be enjoined from further molesting or preventing appellees from the use and enjoyment of the premises under the terms of said agreement.

A copy of the deed from appellant to appellees was made an exhibit to the second amended complaint. It is a statutory warranty deed, which contains, directly following the description of the property conveyed, the following clause: "reserving to the grantor a life estate in said premises together with the right to occupy the same with the grantee."

According to the allegations in the second amended complaint, appellees claim a negotiated bargain and sale of said premises whereby appellant orally agreed, as a part of the consideration, that appellees might occupy and use said premises as they saw fit, cultivating and managing the same without interference; that appellees were to pay

all delinquent and subsequent taxes, make all necessary repairs to the buildings on the farm, build fences and make any and all necessary improvements; that appellant was to have the right to use one of the dwelling houses on said premises during his life, was to have one meal and a quart of milk a day and to have furnished to him by appellees also such clothing as he should need during his lifetime. Charges were also included that appellant had refused to abide by the agreement and was interfering with appellees' rights of use and enjoyment of the premises as agreed upon. A motion to strike was first filed by counsel for appellant. Then an answer and three counterclaims were filed by appellant. The contents of the answer are not material here as, after the proofs were in, the second amended complaint was dismissed with costs against appellees up to that time.

In his first counterclaim appellant avers his ownership of the farm in question on November 15, 1935; that he was 77 years old, with ailing eyesight, loss of hearing, and other infirmities; that he made the deed in question, and that the true consideration therefor was an oral agreement whereby it was agreed that appellees should have the right jointly to occupy said premises with appellant during his lifetime upon the payment by appellees of certain general and delinquent taxes with penalties, and all future taxes and assessments, that appellees were to farm said premises annually during appellant's lifetime in a business-like manner and to pay or give appellant his lifetime rent of one third of all harvested crops or one third of the proceeds thereof; to keep all buildings in proper and necessary repair during appellant's lifetime; to permit appellant to use and occupy such pasture lands as should be necessary for the proper support of appellant's separate livestock; to permit appellant to occupy as his separate dwelling the two-story dwelling house with such small plot or plots of ground as he might need for growing

fruits and vegetables for his table; to keep all buildings insured and in case of loss to restore them; and to supply appellant medical aid and attention and nursing services as appellant's condition might require.

It is further averred in substance that appellees moved on said premises but have breached the contract by denying appellant the use of the small plots of ground required for raising fruits and vegetables, and by violence preventing appellant from using such plots; that appellees have failed and refused to provide medical care and attention and nurse hire when his physical condition required it; that appellee Truman Corzine and his sons and stepson insulted him with abusive and profane language and violently assaulted him without cause and have ordered him to leave the premises; and that appellees' conduct toward him was for the purpose of driving him away.

The second counterclaim charged appellees with committing waste, and the third counterclaim sought $5000 damages for assault and battery. Appellant's prayer for relief was that the deed be cancelled and that appellees deliver up possession, and for other specific and general relief.

Appellees answered the counterclaim setting up substantially the facts alleged in their second amended complaint. Appellant filed a reply and among other things pleaded that appellees are estopped to rely on any oral agreement by virtue of the deed reserving a life estate in appellant with the right of possession, rents, issues and profits derived therefrom. On motion the court struck the plea of estoppel set up in the reply and in the course of the hearing admitted evidence as to the oral agreement over objections of appellant's counsel.

In an amended answer to the counterclaims appellees say that should appellant not be willing to return to said premises and permit appellees to furnish him food, clothing, care and attention as agreed to, then they, appellees,

are willing and do consent that the court fix a fair cash rental value of the premises which they will pay during appellant's life.

In his amendments to the reply appellant avers that upon an accounting he stands ready and willing that appellees have reimbursement for any sums found due them for improvements and repairs.

After a full hearing, resulting in a voluminous record, the court entered a decree that appellees pay $900 to appellant for the past three-years' rent on the farm, and $300 a year on or before September 1st each year during the remainder of appellant's life and that each party pay his own costs.

Twenty-six assignments of error challenge the decree, some of which may be considered together and others may be disregarded entirely, either because they are included in those considered or are not controlling or persuasive on any vital issue in the case.

We cannot agree with the contention of appellant's counsel that appellees are estopped by the reservation clause in the deed from proving by oral evidence the parol agreement, which admittedly constituted the consideration for the conveyance.

Oral evidence was admissible to show the consideration at the time the deed was made, so that performance might be enforced according to the intention in which they mutually understood it, (*Strain* v. *Hinds,* 277 Ill. 598; *Whalen* v. *Stephens,* 193 Ill. 121,) or that the deed might be cancelled if the proof disclosed a violation of the agreement. By averring in his counterclaim that the oral agreement constituted the consideration for the deed and giving his own testimony as to the terms of that agreement, appellant waived any objection to evidence offered by appellees on the same matter. (*Whalen* v. *Stephens,* 193 Ill. 121.) The chancellor did not err in striking the plea of estoppel

and in admitting the evidence as to the terms of the oral agreement offered by appellees. That part of the contract reduced to writing was merely a part execution of an entire agreement. In such cases the whole agreement may be proved, and evidence of the oral agreement did not tend to vary the terms of the contract in any of its obligatory parts. (*Morris* v. *Tillson,* 81 Ill. 607.) No attempt was made to alter or modify the deed, as was the case in *Emery* v. *Mohler,* 69 Ill. 221.

The contention of appellant's counsel that the decree lacks supporting proof narrows the inquiry in this case and renders unnecessary a *seriatim* consideration of the alleged errors assigned. The record of more than seven hundred pages and abstract of 246 pages have been thoroughly examined. But the solution of the problem involved in this case is quite simple when approached with a proper understanding of the legal rights of the parties as outlined by decided cases.

The law is uniformly established in this State that where one voluntarily conveys his property in consideration of support and maintenance during his life, and the grantee afterwards refuses or neglects to perform the contract a court of equity will grant relief by setting aside the deed and reinvesting the grantor with title. (*Fabrice* v. *Von der Brelie,* 190 Ill. 460; *Luttrell* v. *Wyatt,* 305 Ill. 274.) The court will infer, from the grantee's refusal to perform, a fraudulent intent in the first instance in entering into the agreement and grant a rescission on the ground of such fraudulent intention. (*DeCosta* v. *Bischer,* 287 Ill. 598; *O'Ferrall* v. *O'Ferrall,* 276 Ill. 132; *Cumby* v. *Cumby,* 240 Ill. 235; *Mruk* v. *Mruk,* 379 Ill. 394; *Didiuk* v. *Karpuk,* 348 Ill. 98, and many other cases.) Partial support by the grantee is not a sufficient performance of an agreement to support. (*O'Ferrall* v. *O'Ferrall,* 276 Ill. 132; *DeCosta* v. *Bischer,* 287 Ill. 598.) Where the agreement

shows, as in this case, that occupancy of the premises conveyed is to be shared jointly by the grantor and the grantee, and it becomes apparent that they cannot longer do so, a court of equity will set aside the conveyance. *Fabrice* v. *Von der Brelie,* 190 Ill. 460.

The facts admitted by the pleadings and fully established by the manifest weight of the evidence conclusively prove that the consideration for the deed to appellant's 96½-acre farm in Union county to appellees was an oral agreement that appellant and appellees were to jointly occupy the farm; that appellee Truman Corzine was to repair the buildings, pay the delinquent and current taxes, build fences, make all necessary improvements, provide appellant with one meal a day as long as he lived, supply him with milk, furnish him needed clothing and fuel and give appellant what he asked for. This much appears from the pleadings and testimony of appellees.

Appellant testified that appellees were to pay him one third of the crops or the equivalent in cash. Appellee Truman Corzine testified that nothing was said about the payment of rent during appellant's life. Neither was corroborated on this point except by circumstances and the legal presumptions arising from the reservation of the life estate, the very essence of which is the net income or rent. Since appellant made no disposition in the deed of the rents and profits we must hold that he is entitled thereto and the chancellor so held and decreed.

Appellant testified that appellees were to supply him with medicine, which he was to pay for, and were to provide him a nurse at his own expense when his physical needs required. The proof abundantly shows, from the testimony of disinterested witnesses, that appellant was sadly neglected in this respect when he was ill.

Appellee Truman Corzine admitted that he had not furnished fuel to appellant and gave as his excuse that

it was because a Mr. Stephens was living in the house with appellant and they were using two fireplaces. He also admitted that he never repaired the log house, where appellant lived alone, although the proof shows unmistakably that the roof leaked terribly. He gave as his excuse that appellant wanted him to stay away from there, but he also corroborated appellant to the effect that they had no difficulty the first year of their joint possession of the premises when the farming was done according to appellant's directions. The record is destitute of any satisfactory proof that appellees supplied appellant with needed clothing and necessary medical aid. It is admitted that they have not supplied him with food because he would not accept it. He testified he refused it because he was afraid to eat it; that the cruel treatment he had received from them was due to the fact they had a deed to the land and an insurance policy on his life, which was all he had done to merit the assault and beating administered to him by appellee Truman Corzine, and his sons and stepson. The proof shows conclusively only a partial performance of the oral agreement which was the consideration for the deed, and it is apparent from the record evidence that difficulties between the parties have rendered performance through joint occupancy impossible. The former is sufficient to justify a rescission under the holding of this court in *O'Ferrall* v. *O'Ferrall,* 276 Ill. 132, and *DeCosta* v. *Bischer,* 287 Ill. 598. The latter condition renders it the duty of the court to grant relief to appellant by rescinding the contract and reinvesting him with complete title to the premises. *Fabrice* v. *Von der Brelie,* 190 Ill. 460.

The proof abundantly shows that appellee Truman Corzine struck appellant with his hand and knocked him down on one occasion; that he and his son physically removed him from the strawberry patch on another occa-.

sion and that the son attacked him with stones at the father's suggestion on still another occasion. Truman Corzine claims he told the son to "lay it on to him" because appellant was approaching the son with a hoe drawn for striking him. Appellant was seriously injured and had to be taken to a hospital for treatment and was still in the hospital up to the time of the trial. The evidence shows that appellee Truman Corzine confessed to the State's Attorney that he had struck appellant, after the State's Attorney had filed an information against him.

Further proof of this cruel and inhuman treatment was offered and rejected by the court, and this is assigned as reversible error. Exhibits 3, 4, and 5 offered by appellant would have shown the filing of a complaint by appellant against Truman Corzine in an action at law for assault and battery, a jury trial and a finding of guilty against the defendant, Truman Corzine, and a verdict and judgment for appellant in the sum of $500 for the same assault and battery testified to by appellant as the final cause for his leaving the premises. These exhibits were the court files rather than the judgment itself or an authenticated copy thereof. But only a general objection was made to their admission. Clearly the exhibits were competent and material as tending to show the unfriendly relation between the parties and on whom the fault rested. (*Powell* v. *Bechtell*, 340 Ill. 330.) They were also admissible to show that the issue in the assault and battery case was identical with one of the main issues in the case on trial. (*Chicago Terminal Transfer Railroad Co.* v. *Barrett*, 252 Ill. 86.) If the court excluded these exhibits because they were not the best evidence he should have reopened the case on appellant's application during the time it was under advisement to permit him to introduce an authenticated record of the assault and battery case including the judgment. (*People ex rel. Boos* v. *St. Louis*,

*Iron Mountain and Southern Railway Co.* 278 Ill. 25; *People ex rel. Price* v. *Wiemers,* 225 Ill. 17.) For the errors in this regard and for the further reason that the court on this record should have reinvested appellant with title to his premises, the decree must be reversed. It is unnecessary to consider the other assignments of error.

The pleadings disclose an offer by appellees to reconvey the property to appellant, upon being reimbursed by him for amounts expended in repairing and improving it. Appellant, in his pleading, offers to reimburse appellees for such amount as the court finds, on an account being taken, they have so expended. The decree properly ordered appellees to account to appellant for $900, as the proof shows that amount to be the reasonable rental value of the premises for the past three years. Three hundred dollars a year was amply proved to be the reasonable annual cash rental value of the farm. But, since the deed must be set aside because of appellees' failure to perform, they should have been ordered to account for the entire period they were in occupancy and enjoyment of the premises from the date of the deed. (*Cumby* v. *Cumby,* 240 Ill. 235; *Fabrice* v. *Von der Brelie,* 190 Ill. 460; *DeCosta* v. *Bischer,* 287 Ill. 598.) They should then be given credit for such amount as the court may find from the evidence they have expended for taxes, repairs and improvements on the premises, as that would be in accordance with appellant's offer to do equity.

For the above and foregoing reasons, the decree of the circuit court is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*