*In re* ESTATE OF ANNABELLE HAYDEN, Incompetent.—(JOHN HAYDEN *et al.*, Conservators of the Estate of Annabelle Hayden, Incompetent, Plaintiffs-Appellants and Cross-Appellees, *v.* DAVID S. HAYDEN, JR., *et al.*, Defendants-Appellees and Cross-Appellants.)

Third District   No. 77-249

Opinion filed July 13, 1978.

Dennis A. DePorter, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellants.

James L. Tappa, of Spector & Tappa, of Rock Island, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Rock Island County, denying the prayer of plaintiff-appellant, Annabelle Hayden, for

rescission of a deed. There is a cross-appeal by defendants-appellees, David S. Hayden, Jr., and Donna M. Hayden, from that part of the judgment awarding plaintiff monetary damages.

This action was brought by plaintiff, Annabelle Hayden, by John Hayden and Cecelia Baldwin, as conservators of her estate. The conservators are children of Annabelle. The defendant David Hayden is the son of Annabelle and Donna Hayden is David's wife. This action was brought to rescind the deed executed by Annabelle Hayden in which she conveyed her property to David and Donna Hayden on September 20, 1969. In such deed Annabelle Hayden reserved a life estate. The complaint alleged the purpose of the conveyance was for defendants to provide for the care of Annabelle. An amended complaint was filed on July 16, 1976, alleging an oral agreement that defendants were to reside with Annabelle and provide for her needs during the remainder of her natural life. Plaintiff alleged defendants failed and refused to care for Annabelle. The prayer was for rescission and for an order that defendants execute a deed to reconvey the real estate to plaintiff. Plaintiff also filed a two-count suit for forcible entry and detainer alleging she was entitled to possession of the real estate and defendants were unlawfully withholding possession from her. The suit also prayed for rent for use of the real estate from June 1973 until the date of this action.

■■ The main issue on this appeal is whether plaintiff proved by a preponderance of the evidence the elements of her complaint so as to entitle her to a rescission of the deed. The law is well established that where one voluntarily conveys his property in consideration of support and maintenance during his lifetime and the grantee afterwards refuses to perform the contract, a court of equity will be justified in presuming a fraudulent intention in the first instance in entering into the contract and will grant relief by rescission and cancellation of the deed. (*Corzine v. Keith,* 384 Ill. 435, 51 N.E.2d 538; *DeCosta v. Bischer,* 287 Ill. 598, 122 N.E. 819.) The basis of the rule is that the neglect or refusal of the grantee to comply with his contract raises a presumption he did not intend to comply with it in the first instance and therefore the contract was fraudulent in its inception. Under such circumstances a court of equity will not permit a grantee to enjoy the conveyance which was fraudulently obtained. *Detienne v. Detienne,* 291 Ill. 439, 126 N.E. 153.

Whether or not the remedy of rescission is appropriate depends on the establishment of a contract for support and a violation of the terms of the contract. In the instant case the trial court had to determine what were the terms of the contract between the parties and the extent, if any, to which those terms might have been violated. We note in the first instance the contract was parol which in itself suggests basic weaknesses in establishing the duties of the grantees. A substantial part of the evidence

relating to the contract depends upon the conduct of the parties at the time of the conveyance as well as conduct occurring after the conveyance.

■■ The trial court found there was insufficient evidence in the instant case to justify a rescission of the deed. The basis of the court's conclusion was that there was substantial compliance by defendants with the agreement, a conclusion with which we agree. After a careful examination of the record and in view of the fact the record clearly shows considerable dispute in the evidence, we find no error in this decision of the trial court.

■■ Defendants have cross-appealed from the trial court's judgment awarding rent to the plaintiff. The trial court held defendants must pay the estate the rental value of the property from November 1973 to March 1977 at a rate of $150 per month for a total of $6,900. The issue is whether there was a legal basis for requiring defendants to pay the estate the rental value of the property and if so, how much. It is beyond dispute a life tenant is generally entitled to rents and income produced by the property which forms the basis of the life tenant's estate. We note November 1973 was when Annabelle left her home for the last time and March 1977 was approximately the date of the hearing. Although the defendants resided on the premises after the conveyance, taking care of Annabelle, and were not required or requested to pay rent during this period, their claim to continued use of the property after Annabelle's departure without paying rent is not supported by the evidence. In the absence of such evidence, the plaintiff's right to receive and defendants' obligation to pay rent rest upon the general principle of the right of the life tenant to benefits derived from the property.

The defendants also object to the amount of the rent as determined by the trial court. From the record it appears each side introduced opinion evidence concerning the rental value of the property. Each party questions the credibility and competence of the other parties' valuation testimony. We conclude there was competent evidence to support the court's decision and the determination regarding the credibility of the witnesses was within the province of the trial court. The trial court did not err when it entered the judgment for rent against defendants.

The trial court also held the $1,000 which the estate paid a daughter of Annabelle Hayden during the period from June 1973 to November 1973 for Annabelle's care must be reimbursed by defendants to the estate. Without a lengthy recitation of the evidence, suffice it to state that during this period defendant Donna Hayden, wife of David Hayden, had moved out of the home and the daughter of Annabelle Hayden had come into the home to take care of her mother. The record is not clear as to the source of this alleged obligation to pay the daughter. The record fails to show

any obligation on the part of defendants to make the payment to the daughter and therefore fails to show any obligation to reimburse the estate of Annabelle for the payment. It is conceivable this payment was a gratuity. In the absence of some clear indication this money was paid as the result of a legal obligation incurred due to the breach of the contract by one of the defendants, we cannot uphold the award. Accordingly, we reverse that part of the judgment ordering defendants to reimburse the estate $1,000 paid to the daughter of Annabelle for care rendered Annabelle.

Finally, the court held plaintiff was entitled to the day-to-day living expenses paid by Annabelle from the inception of the contract in 1969 to February 1973 in a total sum of $1,828.31. There is sufficient evidence to show both defendants and Annabelle contributed to her support, but there is an absence of evidence indicating Annabelle expected to be reimbursed for such payments. Indeed, her conduct over such a long period of time of making such payments without any request for reimbursement demonstrates no obligation to make repayment existed. The parties' own actions constitute evidence of their intent. (*Department of Revenue v. Jennison-Wright Corp.*, 393 Ill. 401, 66 N.E.2d 395.) We believe the court erred in entering judgment against defendants for $1,828.31.

For the foregoing reasons, that part of the judgment of the circuit court of Rock Island County denying plaintiff's prayer for rescission and awarding plaintiff rent in the amount of $6,900 is affirmed. That part of the judgment ordering defendants pay $1,000 for reimbursement for expenses paid for the care of Annabelle and for $1,828.31 for reimbursement for day-to-day living expenses is reversed.

Judgment affirmed in part and reversed in part.

BARRY, P. J., and ALLOY, J., concur.