(No. 32200.—

WILLIS W. FOSSETT, Admr., Appellant, *vs.* ELMER E. FOSSETT *et al.,* Appellees.

*Opinion filed March 20, 1952.*

A. M. FITZGERALD, and GREENING & ACKERMAN, both of Springfield, for appellant.

CHARLES G. BRIGGLE, JR., of Springfield, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal direct to this court from a decree of the circuit court of Sangamon County granting a motion to dismiss a suit to set aside a deed on the ground of fraud and deceit.

The complaint filed herein alleges that on October 8, 1947, William T. Fossett, hereinafter referred to as deceased, was the owner in fee simple of certain real estate located in the city of Springfield. Prior to that date the deceased, because of his advanced years and ill-health, turned to his brother, Elmer E. Fossett, and his sister-in-law, Catherine E. Fossett, appellees, for care and assistance in maintaining him for the remainder of his life. The complaint alleges that on October 8, 1947, the appellees, con-

triving to cheat, wrong and defraud the deceased, falsely and fraudulently represented in writing that they would move into and occupy the premises owned by deceased and would provide him therein with a comfortable home, private bedroom, board and care, for the balance of his life. A copy of the agreement was attached to the complaint.

The complaint further alleges that the promises to care for deceased were made for the purpose of inducing the deceased to convey the real estate to the appellees in exchange for these promises to provide support and care for deceased for the balance of his life. The complaint then alleges that the deceased was deceived by these representations and promises and thereby did convey the real estate to the appellees in exchange for such promises. The complaint then goes on to allege that shortly thereafter, and after the appellees had moved into the home of the deceased, the appellees became mean, surly and disagreeable and neglectful toward the deceased, whereby he was forced to remove himself from the premises and to care for and support himself for the balance of his life. The further allegation is made that at the time the representations were made by appellees they did not intend to fulfill these promises to support and care for deceased. The complaint then alleges that on or about May 1, 1948, the deceased did remove himself from the premises and demand a reconveyance and surrender of the premises to him, which the appellees refused, and still refuse, to do.

The second count of the complaint alleges approximately the same facts as count I except it is based on a failure of consideration to support the deed rather than an action based on fraud and deceit. To this complaint the appellees filed a motion to dismiss, alleging that there never was a cause of action at law in the deceased and, therefore, there is no such cause of action in the administrator of the estate of the deceased; that the cause of action, if any, did not survive the death of deceased; that

the allegations of the complaint are incompetent, irrelevant, immaterial, vague, indefinite and uncertain, and conclusions of the pleaders; that the complaint is insufficient in law and that there are no facts sufficient to sustain the cause of action alleged in the complaint.

It further appears from the record that on September 16, 1948, the deceased in person and prior to his death filed a petition to set aside the deed against the appellees. This complaint was dismissed on motion of the appellees and subsequently thereto the deceased filed an amended complaint which was dismissed on motion of the appellees. Subsequently thereto, the deceased filed a second amended complaint against the appellees, which, in turn, was dismissed on motion of appellees and leave was given the deceased to file a third amended complaint. Subsequently thereto, the deceased died without having filed a third amended complaint. On January 26, 1951, the present suit was filed by Willis W. Fossett, appellant, as administrator of the estate of William T. Fossett.

The circuit court of Sangamon County heard arguments on the motion to dismiss and entered an order on July 12, 1951, sustaining the motion and dismissing the third amended complaint "upon the ground that the alleged causes of action herein do not survive the death of William Tell Fossett, deceased, the original plaintiff, * * *." This is the only ground contained in the order dismissing the complaint in this cause.

The brief of the appellees deals extensively with the history of the case and with the merits of the complaints filed by both the deceased and the present administrator of the estate of the deceased. However, upon the language of the foregoing decree, the sole point to which this court may address itself is whether or not the cause of action survived the death of the deceased.

The appellees contend that the right to set aside the deed because of fraud or failure of consideration was a

purely personal right in deceased which he could not assign to anyone else and which, upon his decease, did not survive and transfer to his heirs, legatees, devisees or personal representatives. They cite *Berry* v. *Heiser, 271* Ill. 264. In that case the court held that such a right is personal where the decedent never took any steps to have the deed set aside. An exhaustive study of this question was undertaken by this court in the case of *Warner* v. *Flack, 278* Ill. 303, wherein the distinction between the case where the grantor acquiesces in the action of the party to the fraud and the case where he attempts to have the deed set aside was stressed.

The application of these cases to the instant cause is apparent. In the instant cause the deceased made three attempts to set aside the conveyance. He also removed himself from the premises and demanded a reconveyance from the appellees. The appellees argue that because the second amended complaint and the first amended complaint made no allegations as to an action of fraud and deceit, the appellant is not entitled to maintain this action. The rule does not declare the form of objection necessary to justify a cause of action on the part of the administrator. It is obvious that here the deceased objected to the transaction and made efforts to correct it. The circuit court was in error in dismissing the complaint on the ground that the cause of action did not survive.

Since the cause of action survived, then Willis W. Fossett, as administrator of the estate of deceased, is a proper party plaintiff to this suit. Ill. Rev. Stat. 1951, chap. 1, par. 10.

The decree is reversed and the cause remanded, with directions to overrule the motion to dismiss.

*Reversed and remanded, with directions.*