Ray Smith, as Executor of the Last Will of George H. Biggs, Deceased, Petitioner-Appellant, v. Ralph Condo and Grace Condo, et al., Defendants-Appellees.

### Term No. 60–M–20.

Fourth District.
October 31, 1960.

Elmer Jenkins, of Benton, for appellant.

John Lannin and Orwin H. Pugh, of Carbondale, for appellees.

CULBERTSON, P. J.

This is an appeal from the order of the County Court of Franklin County striking a paragraph in the petition to sell real estate to pay claims, which paragraph prayed for an order to remove a deed executed by the decedent as a cloud on the title of decedent so that the real estate could be sold to pay debts. The executor

of the deceased George H. Biggs, in such action sought to enforce rescission of an agreement for support under which the decedent had conveyed real estate to defendants in consideration of defendants' promise to furnish the decedent care and support for the remainder of his life. In the pleadings the Executor contends that defendants violated the contract five and a half months after obtaining the deed to the premises, and abandoned decedent, and thereafter refused to provide the care and support which was promised; that decedent had rescinded the contract during his lifetime and demanded the return of the premises conveyed; that decedent could have maintained the action to remove the cloud on his title during his lifetime, and that therefore the Executor could continue to maintain such action after his death in a petition in probate in the County Court to sell the real estate of the decedent.

After defendants had filed an answer they also filed a motion to strike the paragraph in the petition relating to rescission on the ground that such action was personal to the decedent and that it died with the decedent and could not be maintained by his Executor. The Trial Court entered an order striking the paragraph and finding that such action was personal to the decedent and could not be maintained by the Executor after decedent's death. Efforts were made thereafter to file a motion to vacate the dismissal order, and a motion to strike the motion to vacate was sustained. The cause comes before us solely on the question of law raised by the pleadings.

■ There is an unquestioned right to rescind an agreement involving conveyances of property in consideration of a promise of support where the grantee to the conveyance repudiates or substantially fails to perform the agreement (Corzine v. Keith, 384 Ill. 435, 441, 51 N.E.2d 538; Fabrice v. Von der Brelie, 190 Ill. 460, 60 N. E. 835). It is clear that if George

H. Biggs were living he would have the right to maintain the action. The only questions that are before the court are, first: whether the action could be maintained after his death by the Executor of his Will; and, secondly: whether such action could be maintained in a proceeding to sell real estate to pay debts.

■ In Fossett v. Fossett, 411 Ill. 545, 104 N.E.2d 617, the administrator in a decedent's estate, filed an action to set aside a deed on the ground of fraud and deceit. Defendants in that case filed a motion to dismiss on several grounds, including the allegation that the action did not survive the death of the decedent. The Supreme Court overruled such contention and held that the cause of action did in fact survive. The circumstances that the decedent during his lifetime in fact took steps to rescind the contract but did not have the opportunity to enact the action in Court, does not deprive the Executor of the right to proceed with such action for rescission.

■■ On the other issue of the jurisdiction of the County Court it has been determined that in a petition to sell real estate to pay debts County Courts in probate are given jurisdiction to determine and settle controversies concerning title to real estate belonging to a decedent and to remove clouds therefrom. It is the contention of the plaintiff that the deed held by the defendants constitutes a cloud on the title of the decedent. The petition to sell real estate therefore did state a cause of action for removal of that cloud on the title and the County Court, acting in probate, has jurisdiction to hear and determine that controversy (1959 Illinois Revised Statutes, Chapter 3, paragraph 388).

It is, therefore, the decision of this Court that the County Court erred in striking the paragraph seeking rescission, and this cause will therefore be reversed and remanded with directions to the County Court to

proceed in accordance with the views expressed in this opinion.

Reversed and remanded, with directions.

SCHEINEMAN, J. and HOFFMAN, J., concur.